IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EDDIE JACK HEDGER,

    Plaintiff,

  v.

ASBURY AUTOMOTIVE OREGON LLC, et al.,

    Defendants.

No. CV 05-1576-MO

ORDER AND OPINION

**MOSMAN, J.,**

Plaintiff Eddie Jack Hedger asserts claims against Asbury Automotive Oregon LLC, Asbury Automotive Group LLC, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Health Plan of the Northwest, and Kasier Foundation Health Plan of Oregon.[1]  Plaintiff's First Claim for Relief alleges Asbury failed to reasonably accommodate him under the Americans with Disabilities Act ("ADA").  Plaintiff's Second Claim for Relief alleges Kaiser invaded his privacy by publishing private facts about his methamphetamine overdose.

---

[1] Asbury Automotive Oregon LLC and Asbury Automotive Group LLC are collectively referred to as "Asbury."  Kaiser Foundation Health Plan, Inc., Kaiser Foundation Health Plan of the Northwest, and Kasier Foundation Health Plan of Oregon are collectively referred to as "Kaiser."

PAGE 1 - OPINION AND ORDER

Pending before the court are Asbury's and Kaiser's motions for summary judgment on Mr. Hedger's respective claims. As explained in further detail below, the court GRANTS Asbury's motion for summary judgment (#31). Mr. Hedger has failed to raised a genuine issue of material fact that he is disabled within the meaning of the ADA, or, alternatively, that Asbury was required to engage in the interactive process. Furthermore, the court GRANTS Kaiser's motion for summary judgment (#39). Mr. Hedger has failed to set forth specific facts that demonstrate a genuine issue for trial regarding his invasion of privacy claim.

I.    STANDARD OF REVIEW

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the movant initially shows that no genuine issue exists for trial, the non-movant cannot then rest on the pleadings but must respond with evidence setting "forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).

II.   ANALYSIS

    A.    <u>Americans with Disabilities Act</u>

Asbury moves for summary judgment, arguing, among other things, Mr. Hedger: (1) does not qualify as disabled under the ADA because he has not shown his alleged disability substantially limited his ability to work; and (2) has not established his alleged disability was long-term. The court agrees.

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of that disability. 42 U.S.C. § 12112(a). Such discrimination includes "not

making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In order to prevail on an employment termination claim under the ADA, a plaintiff must establish: (1) he is disabled within the meaning of the ADA; (2) he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) the employer terminated him because of his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

In this case, there is a lack of clarity concerning Mr. Hedger's alleged disability. Although Mr. Hedger's complaint does not set forth his disability and there is some reference to his former substance abuse and subsequent relapse in his deposition testimony, the court concludes Mr. Hedger alleges depression as his disability due to his repeated reference to depression throughout his pleadings.

To be disabled within the meaning the of ADA, a plaintiff must show he: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 478 (1999). Here, Mr. Hedger argues only that his depression substantially limited a major life activity, his ability to work. *See* 29 C.F.R. § 1630.2(i) (major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working"). The court disagrees.

With respect to work, the term substantially limits means an individual is significantly restricted in his ability to perform either a class or broad range of jobs as compared to an average person with similar abilities, training, and skills. 29 C.F.R. § 1630.2(j)(3)(i). An individual's "inability to perform a single, particular job does not constitute a substantial limitation in the

PAGE 3 - OPINION AND ORDER

major life activity of working." *Id.*  Three factors are used to determine whether an individual is substantially limited in a major life activity: (1) the "nature and severity of the impairment;" (2) the "duration or expected duration of the impairment;" and (3) the "permanent or long term impact, or the expected permanent or long term impact of or resulting from impairment."

29 C.F.R. § 1630.2(j)(2).

Mr. Hedger has failed to provide any facts or evidence that his depression substantially limited his ability to work.  In reliance on *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005), Mr. Hedger contends his own mere assertions of suicidal thoughts and actions are enough to survive summary judgment as to whether his depression substantially limited his ability to work.  Mr. Hedger misreads *Head*.  In *Head*, while the Ninth Circuit did hold that a plaintiff's testimony may suffice to raise a genuine issue of fact for summary judgment purposes, the court clarified that its holding "in no way impugns our longstanding precedent that conclusory declarations are insufficient to raise a question of material fact."  *Id.* at 1059.  To survive summary judgment, declarations of a disability must "not be merely self-serving and must contain sufficient detail to convey the existence of an impairment."  *Id.*  Mr. Hedger's conclusory, undetailed, and self-serving statements in his deposition are simply insufficient to raise a question of material fact.

Furthermore, Mr. Hedger has failed to raise any issue of material fact demonstrating his depression was long-term.  An impairment is not a substantial limitation on a major life activity if it is expected to improve within a short amount of time.  *Toyota Motor Mfg., Ky, Inc. v. Williams*, 534 U.S. 184, 197-98 (2002) (for a major life activity to be substantially limited, an impairment's impact must be "permanent or long-term"); *Pollard v. High's of Balitmore, Inc.*, 281 F.3d 462, 467-68 (4th Cir. 2002).  Here, Mr. Hedger's depression improved within a short amount of time such that he could return to work as a car salesman within three weeks of his initial hospitalization.  *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (psychological impairment requiring hospitalization for over three months was not of sufficient

duration to fall within the protections of the ADA as a disability)

Alternatively, summary judgment is appropriate on Mr. Hedger's ADA claim because Asbury was not required to engage in the interactive process. An employer is required to engage in the interactive process only when the employer "'(1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation.'" *Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir. 2001) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000)). Mr. Hedger has failed to provide any factual basis that Asbury had reason to know of his depression, that he was experiencing any workplace difficulties as a result of his depression, or that Asbury had reason to believe his depression prevented him from requesting a reasonable accommodation. While Asbury did know Mr. Hedger had been temporarily hospitalized for a drug overdose, that fact does not put Asbury on notice that Mr. Hedger is disabled with depression under the ADA. *See Sanders*, 91 F.3d at 1354 (a condition requiring temporary hospitalization does not raise a presumption of disability).

Asbury's motion for summary judgment (#31) is therefore GRANTED.

B.      Invasion of Privacy

Kaiser moves for summary judgment on Mr. Hedger's second claim, asserting he cannot establish a prima facie case for invasion of privacy.

Under Oregon law, public disclosure of private facts requires a showing of four elements: (1) the plaintiff had private information which would have remained private; (2) the defendant made that private information known to the public; (3) the publication of that information would be offensive to a reasonable person; and (4) the tortfeasor's conduct was wrongful apart from inflicting emotional distress on the plaintiff. *Marleau v. Truck Ins. Exch.*, 37 P.3d 148, 154 (Or. 2001); *Flowers v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 679 P.2d 1385, 1389 (Or. Ct. App. 1984).

Here, Mr. Hedger has failed to set forth any specific facts that show there is a genuine issue for trial. Instead, he attempts to either assert a new claim for breach of confidentiality against Kaiser or construe his existing claim as a breach of confidentiality. However, Mr. Hedger cannot completely reinvent an existing claim or raise a new claim in response to Kaiser's motion for summary judgment. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 n.5 (9th Cir. 1987). It is simply too late for plaintiff to add any new claims or amend his current complaint.

Mr. Hedger cannot simply rely or rest on his allegations, denials, and pleadings to survive summary judgment. Fed. R. Civ. P. 56(e). In order to survive, he must set forth specific facts that demonstrate a genuine issue for trial regarding his invasion of privacy claim. *Id.* Mr. Hedger has failed to do so. Kaiser's motion for summary judgment (#39) is therefore GRANTED.

Accordingly, both of defendants' motions for summary judgment are GRANTED. IT IS SO ORDERED.

DATED this   15th   day of November, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court